C/M

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REGINA LEWIS,

                Plaintiff,

         - against -                   **DECISION & ORDER**

                                    14 Civ. 6946 (BMC)
DAMIAN WILLIAMS; VERNON
BRODERICK; MARTIN COHEN;
RICHARD ROSENBERG; LLOYD
EPSTEIN,

                Defendants.
------------------------------------------------------------X

COGAN, United States District Judge:

      Plaintiff, currently incarcerated in the Metropolitan Detention Center in Brooklyn, New York, brings this *pro se* action alleging that Defendants violated her rights during a pending criminal proceeding. By order dated May 29, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009),

and interpret them to raise the "strongest [claims] that they *suggest*." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On October 27, 2014, plaintiff was convicted on one count of threatening to murder a United States judge. See United States v. Lewis, No. 12-CR-655 (BMC). In this complaint, Plaintiff brings claims for monetary damages against Judge Vernon Broderick, Assistant United States Attorney Damian Williams, and defense attorneys Lloyd Epstein, Martin Cohen, and Richard Rosenberg for conduct arising out of her criminal prosecution.

## DISCUSSION

Because Plaintiff alleges that her constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Haines v. Kerner, 404 U.S. 519, 520 21 (1972) (per curiam). To state a cognizable claim under *Bivens*, a plaintiff must allege facts which plausibly show that (1) the challenged action was attributable to a person acting under color of federal law, and (2) such conduct deprived her of a right, privilege, or immunity secured by the Constitution or laws of the United States. Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-56 (1979); Shannon v. General Electric Co., 812 F. Supp. 308, 322 (W.D.N.Y. 1993). Federal courts have analogized Bivens claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, precedent in cases brought under § 1983 may be used to address issues raised in Bivens cases. Butz v. Economou, 438 U.S. 478, 498-99 (1978); Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam);

Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994); Daloia v. Rose, 849 F.2d 74, 75 (2d Cir. 1988); Barbera v. Smith, 654 F. Supp. 386, 390 (S.D.N.Y. 1987).

### A. *Judicial Immunity*

Judges are absolutely immune from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."); see Stump v. Sparkman, 435 U.S. 349, 356 (1978); see also Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (holding that judicial immunity applies under 42 U.S.C. § 1983). Because "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge," Stump, 435 U.S. at 356, immunity is inapplicable in only two sets of circumstances: first, where the judge's actions are "non-judicial," *i.e.*, acts not normally performed in a judicial capacity, or, second, where the judge's actions are in the complete absence of jurisdiction, see Mireles, 502 U.S. at 11-12; Huminski v. Corsones, 396 F.3d 53, 75 (2d Cir. 2005).

Plaintiff alleges that she is suing Defendants for "malpractice." While Plaintiff provides no further factual support for her claim against Judge Broderick, it appears that she named him as a defendant because he was at one time "assigned to [Plaintiff's criminal] case." Because Plaintiff's claims arise from the performance of Judge Broderick's official duties, these claims are dismissed, under the doctrine of judicial immunity, because they seek monetary relief from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i), (iii); see Mills v. Fischer, 645 F. 3d 176, 177 (2d Cir. 2011).

### B. *Prosecutorial Immunity*

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather,

3

are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). In addition, prosecutors are absolutely immune from suit for acts which may be administrative obligations but are "directly connected with the conduct of a trial." Van de Kamp v. Goldstein, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant Williams are based on actions within the scope of Defendant's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); see Collazo v. Pagano, 656 F. 3d 131, 134 (2d Cir. 2011).

### C. *Private Actors*

Plaintiff asserts Bivens claims against Defendants Cohen, Epstein, and Rosenberg arising from their representation of Plaintiff during her criminal proceedings. Because such claims require a showing that the challenged action was attributable to a person acting under color of federal law, private parties are not generally liable under Bivens. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). Absent special circumstances suggesting concerted action between an attorney and a state representative, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995); Osipova v. Dinkins, 907 F. Supp. 94, 96 (S.D.N.Y. 1995), the representation of a defendant by private counsel in federal criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a constitutional claim regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, see Polk Cnty. v. Dodson, 454 U.S. 312, 324-25 (1981); Schnabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000); see also Housand v. Heiman, 594 F.2d 923, 924 n.1 (2d Cir.

4

1979) ("[S]ince a Bivens -type suit requires federal action in the same manner as § 1983 requires state action, the analysis in the case of civil rights actions against court-appointed attorneys is similar."); Olmeda v. Babbits, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 25, 2008) (holding that a federal defender cannot be sued under Bivens because appointed attorneys are agents of the client and not the government). Therefore, Plaintiff's Bivens claims against Defendants Cohen, Epstein, and Rosenberg are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Clerk of Court is directed to enter judgment dismissing the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                          U.S.D.J.

Dated: Brooklyn, New York
       October 28, 2014